BANUCHI, PLAINTIFF AND APPELLEE, *v.* CABÁN ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Aguadilla in an Action
of Intervention.—Motion for Dismissal.

No. 3185.—Decided March 28, 1924.

APPEAL—INTERVENTION—PARTIES—NOTICE OF APPEAL.—An appeal will not be
dismissed because notice was not served on a defaulted party who at the
time of the attachment of the property involved in the action of interven-
tion had sold it by a public deed, for he can not be considered as an
aggrieved party.

ID.—ID.—ID.—ID.—TRANSCRIPT.—A motion for the dismissal of an appeal in
which the transcript was filed out of time and after the said motion was
made can not be opposed on the ground that thirty days had not elapsed
from the date on which the appellant's attorney in San Juan had notice
of the approval of the transcript by the District Court of Aguadilla. The
law does not require notice of the approval of the transcript and attorneys
who reside in one district and direct cases in another are not privileged.

The facts are stated in the opinion.

*Mr. C. J. Torres* for the appellants.

*Messrs. García Méndez & García Méndez* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

This is a case of intervention. The appellant obtained
an attachment on property claimed by the intervenor as
owner. The intervenor is the appellee and moves for the
dismissal of the appeal (1st) because notice of the appeal
was not served on one of the interested parties, and (2nd)
because the transcript was not filed in time.

The first ground for dismissal is without merit. The
facts are convincing that the party who was not notified was
not *interested* in the litigation. He was adjudged in de-
fault and, according to a public deed, had parted with the
ownership of the attached property when the attachment
was levied.

The second ground is good. The judgment appealed
from was rendered on June 23, 1923. The appeal was taken
June 28th. On the same day the appellant moved the court

to order the stenographer to prepare the transcript. It was so ordered and the transcript was prepared. On September 20, 1923, October 3, 1923, was set for the hearing and on that day the transcript was approved by the court. The appellant did not file the transcript in the office of the secretary of the Supreme Court until November 21, 1923, while the appellee's motion for dimissal of the appeal had been filed on November 12, 1923.

The appellant claims that the transcript was filed within the thirty days allowed by law, because his attorney did not know that the transcript had been approved on October 3rd until he received a letter to that effect from the stenographer on October 17, 1923.

The attorney for the appellants resides in San Juan. The judgment was rendered by the District Court of Aguadilla. This fact is invoked. We have said on another occasion that attorneys who reside in one district and assume the responsibility of directing cases in another are not priviledged. They should adopt the necessary measures for knowing the status of their cases. The law does not require notice of the approval of the transcript. Furthermore, the record contains a paper signed by the appellant's attorney on October 1, 1923, wherein he stated that he had no objection to offer to the transcript of the evidence and asked that it be approved. The hearing was set for October 3rd. Logically, he should have concluded that the transcript, which in his opinion contained all that was necessary, would be approved without difficulty on the 3rd of October.

The appellee asserts his right in time and it should be recognized.

The appeal is dismissed.

*Appeal dismissed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.